UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID PANNELL,

    Petitioner,

        v.                                     CAUSE NO. 3:21-CV-773-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

David Pannell, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (CIC-21-5-203) at the Correctional Industrial Facility in which a disciplinary hearing officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction Offense 213. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Pannell argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He contends that the testimony of Officer Carey and the video recording summary show that he did not threaten Officer Carey as charged.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which Officer Carey represents that Pannell began arguing with her and a library clerk at the law library. ECF 14-1. When Officer Carey told Pannell to return to his housing unit, Pannell pointed at her and said, "You are denying all my rights, and I will do something about it." *Id.* As he left the law library, he turned again pointed at her. *Id.* The administrative record also includes a video recording summary stating that, at 8:39 a.m., Pannell was in an agitated state, went to the clerk's desk, and spoke to the library clerk and Officer Carey. ECF 14-6. At 8:40, the library clerk and Officer Carey went to Pannell's workstation. *Id.* At 8:43, Pannell turned as he left the law library and spoke to Officer Carey while aggressively pointing at her. *Id.* The administrative record includes the video recording itself, which the court has reviewed and found to be consistent with the video recording summary as well as the conduct report. ECF 18. The administrative record also includes Officer Carey's testimony in which she did not recall many of the details of the threatening incident, including the nature of the argument preceding it. ECF 14-7.

The conduct report constitutes some evidence that Pannell threatened Officer Carey. To Pannell's point, the video recording summary and Officer Carey's testimony do not corroborate every detail in the conduct report, but they also do not undermine the material allegations that Pannell threatened Officer Carey by telling her that he would "do something about it" and pointing at her. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Pannell argues that he is entitled to habeas relief because the hearing officer denied him the right to present testimony from three witnesses: (1) Sergeant Murray, who would have testified that Officer Carey did not tell her by radio that Pannell had threatened her; (2) Lieutenant Disney, who would have testified that Officer Carey did not tell him by radio that Pannell had threatened her; and (3) Inmate Thomas, the library clerk, who would have testified that Pannell did not argue with him. Correctional staff denied the request for testimony from Sergeant Murray and Lieutenant Disney because they were not at the law library when the threatening incident occurred. ECF 14-5. The hearing officer attests that he did not recall Pannell's request for testimony from Inmate Thomas. ECF 14-15.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The court agrees that the

3

testimony of Sergeant Murray and Lieutenant Disney that Officer Carey did not tell them that Pannell threatened her would have been of limited probative value. These correctional officers had no personal knowledge of the threatening incident, and Pannell offers no explanation as to why he believes that the failure to inform these particular correctional officers of the offense by radio would have meaningfully undermined the finding of guilt. Similarly, even if Inmate Thomas testified that Pannell did not argue with him or Officer Carey, it is unclear how this would have undermined the material allegations that Pannell threatened Officer Carey by telling her that he would "do something about it" and pointing at her when she told him to return to his housing unit. Because correctional staff reasonably denied these requests for witnesses, this claim is not a basis for habeas relief.

Pannell argues that he is entitled to habeas relief because he did not receive adequate notice of the disciplinary charges against him. He contends that the conduct report did not indicate that Pannell communicated "the intent to physically harm or intimidate" Officer Carey as required for the offense of threatening. He also argues that he is entitled to habeas relief because he received the video recording summary less than twenty-hours before the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare." *Id.* Contrary to Pannell's assertion, the conduct report adequately describes the threatening

4

conduct that is the subject of the disciplinary charges -- specifically, that Pannell told Officer Carey that he would "do something about it" and pointed at her when she told him to return to his housing unit. ECF 14-1. Moreover, notice of particular articles of evidence at least twenty-four hours before the hearing is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff*, and the Supreme Court of the United States has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, the claims that Pannell received inadequate notice are not a basis for habeas relief.

Pannell argues that he is entitled to habeas relief because the hearing officer did not provide an adequate written explanation of the disciplinary decision. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Wolff v. McDonnell*, 418 U.S. 539, 564. (1974). "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). Though the hearing officer's explanation is not particularly detailed, it identifies the evidentiary basis for the finding of guilt and the reasons for the sanctions imposed and thus satisfies procedural due process. ECF 14-5. Therefore, this claim is not a basis for habeas relief.

If Pannell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES David Pannell leave to appeal in forma pauperis.

SO ORDERED on May 6, 2022

> s/ Michael G. Gotsch, Sr.  
> Michael G. Gotsch, Sr.  
> United States Magistrate Judge